IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN BROOKS,

    Plaintiff,                  No. CIV S-10-0682 DAD P

    vs.

WHITSON, et al.,

    Defendants.        ORDER

_____/

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.[1] This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**PLAINTIFF'S IN FORMA PAUPERIS APPLICATION**

    Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

/////

---

[1] This case was transferred to this court on March 22, 2010 from the Fresno Division of the United States District Court for the Eastern District of California.

1

1   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See
2   28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is
3   currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  See 28
4   U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of
5   the preceding month's income credited to plaintiff's prison trust account.  These payments shall
6   be collected and forwarded by the appropriate agency to the Clerk of the Court each time the
7   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.
8   § 1915(b)(2).

## SCREENING REQUIREMENT

10   The court is required to screen complaints brought by prisoners seeking relief
11   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.
12   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
13   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
14   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
15   U.S.C. § 1915A(b)(1) & (2).

16   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
17   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
18   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
19   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
20   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
21   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
22   Cir. 1989); Franklin, 745 F.2d at 1227.

23   Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
24   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
25   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
26   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

(1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**PLAINTIFF'S COMPLAINT**

In his complaint, plaintiff has identified the following defendants: (1) Sergeant Whitson; (2) Investigative Employee Parks; (3) Senior Hearing Officer Jackson; and (4) Warden Sisto.  Plaintiff alleges that these defendants have violated his due process rights.  Specifically, plaintiff alleges as follows.  On September 18, 2006, he was placed in administrative segregation based upon false information provided by defendant Whitson.  Defendant Parks, the investigative employee assigned to petitioner's case, failed to interview several key witnesses in preparing petitioner's defense.  Finally, defendants Jackson and Sisto failed to ensure that petitioner

3

received a fair disciplinary hearing.  Plaintiff seeks declaratory relief to address the alleged constitutional violations.  (Compl., Attach. at 1-4.)

## DISCUSSION

The allegations of plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege, with at least some degree of particularity, overt acts which each defendant has engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant plaintiff leave to file an amended complaint.

If plaintiff elects to file an amended complaint, he is advised of the following legal standards that govern the claim that he is attempting to present.  To the extend that he is alleging a violation of his right to procedural due process, plaintiff has adequately explained in his complaint why he believes his disciplinary hearing was procedurally deficient.  However, plaintiff must also allege facts indicating that he has been deprived of a liberty interest which is protected by the Due Process Clause of the Fourteenth Amendment.  Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60 (1989); McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002).  In this regard, plaintiff is advised that a prisoner is not deprived of a protected liberty interest simply because prison officials place him in administrative segregation.  Sandin v. Connor, 515 U.S. 472, 484-87 (1995); May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997).  Rather, plaintiff must allege facts demonstrating that the state action in question imposed "an atypical and significant hardship on [him] in relation to the ordinary incidents of prison life."  Sandin, 515 U.S. at 484.  In other words, plaintiff should allege facts specifying how the conditions of his confinement in administrative segregation caused a "major disruption in his

4

environment." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 486).

Plaintiff is also advised that supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979). In this regard, defendant Sisto is an improper defendant to the extent that plaintiff has included him in this action solely because he is the Warden of California State Prison, Solano. Therefore, if plaintiff elects to file an amended complaint and wishes to pursue a claim against defendant Sisto, he must allege facts showing a causal link between defendant Sisto and the claimed constitutional violation. See id.; see also Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Doc. No. 2) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's complaint (Doc. No. 1) is dismissed;

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal

1 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
2 docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an
3 amended complaint in accordance with this order will result in a recommendation that this action
4 be dismissed without prejudice; and

5      5. The Clerk of the Court is directed to send plaintiff the court's form for filing a
6 civil rights action.

7 DATED: May 27, 2010.

                              /s/ Dale A. Drozd
                              DALE A. DROZD
                              UNITED STATES MAGISTRATE JUDGE

DAD:sj
broo0682.14a

6