IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN BROOKS,

    Plaintiff,                         No. CIV S-10-0682 DAD P

    vs.

WHITSON, et al.,

    Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed May 27, 2010, plaintiff's complaint was dismissed with leave to amend. Pending before the court is plaintiff's amended complaint.

### SCREENING REQUIREMENT

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

/////

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

2

1  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
2  omits to perform an act which he is legally required to do that causes the deprivation of which
3  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

4  **PLAINTIFF'S AMENDED COMPLAINT**

5  In his amended complaint, plaintiff alleges that defendants Whitson, Parks, and
6  Jackson violated his due process rights. Specifically, plaintiff alleges that on or about September
7  18, 2006, plaintiff received a rules violation report for the possession of an inmate-manufactured
8  weapon. (Am. Compl. at 2.) According to plaintiff, the charges were based on conflicting, if not
9  false, information provided by defendant Whitson. (See id. at 2-3.) Plaintiff further alleges that
10 his disciplinary hearing regarding the matter was procedurally deficient because defendant Parks,
11 the investigative employee assigned to plaintiff's case, failed to interview several key witnesses.
12 (Id. at 2.) Finally, plaintiff avers that defendant Jackson failed to ensure that plaintiff received a
13 fair disciplinary hearing by not documenting the reasons for denying him witnesses, among other
14 things. (Id. at 3.) In terms of relief, plaintiff seeks only declaratory relief. (Id.)

15 **DISCUSSION**

16 As the court advised plaintiff in its previous screening order, a plaintiff alleging a
17 procedural due process claim must first demonstrate that he was deprived of a liberty or property
18 interest protected by the Due Process Clause of the Fourteenth Amendment and then show that
19 the procedures attendant upon the deprivation were not constitutionally sufficient. Ky. Dep't of
20 Corr. v. Thompson, 490 U.S. 454, 459-60 (1989); McQuillion v. Duncan, 306 F.3d 895, 900 (9th
21 Cir. 2002); Brewster v. Bd. of Education., 149 F.3d 971, 982 (9th Cir. 1998). In the context of a
22 prison disciplinary action, a prisoner may be deprived of a protected liberty interest if the action
23 in dispute resulted in the imposition of an "atypical and significant hardship on [him] in relation
24 to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

25 Here, plaintiff has failed once again to allege facts demonstrating that he has been
26 deprived of a liberty interest protected by the Due Process Clause. The amended complaint does

3

not allege any facts demonstrating that the disputed disciplinary action imposed an "atypical and significant hardship on [plaintiff] in relation to the ordinary incidents of prison life" or otherwise caused "a major disruption in his environment." Id. at 484, 486.  Moreover, to the extent that the amended complaint indicates that plaintiff was placed in administrative segregation as a result of the disciplinary action now in dispute, such an allegation does not, in of itself, implicate a liberty interest.  See May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (holding that an inmate's placement in administrative segregation is insufficient to state a due process claim because such confinement falls within the terms o confinement ordinarily contemplated by a prison sentence ); Toussaint v. McCarthy, 801 F.2d 1080, 1091-92 (9th Cir. 1986).

The allegations of plaintiff's amended complaint also now makes clear that the rules violation report in question led to plaintiff forfeiting good time credits. (Am. Compl. at 4, Ex. 1.)  In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court ruled that a prisoner may not recover under § 1983 for harm caused by actions whose unlawfulness would render his imprisonment invalid, unless he can prove that the basis for his confinement has been reversed or expunged.  Here, plaintiff challenges a disciplinary hearing that resulted in his loss of good time credits. (Am. Compl. at 4, Ex. 1.)  If plaintiff is successful on this claim, his success would necessarily imply the invalidity of those lost good time credits and would therefore imply the invalidity of his confinement.  In addition, plaintiff has not demonstrated that the contested disciplinary hearing has been properly reversed or set aside.  Accordingly, plaintiff's claims regarding the disciplinary hearing appear to be barred under Heck.  See Edwards v. Balisok, 520 U.S. 641 (1997) (dismissing a § 1983 action because a successful challenge to the plaintiff's disciplinary hearing would necessarily imply the invalidity of his lost time credits).  Plaintiff is advised in this regard that his claims are properly presented in a habeas petition and not in a § 1983 action.

Accordingly, for all the reasons explained above, the court will recommend that plaintiff's amended complaint be dismissed.

4

## CONCLUSION

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign this case to a United States District Judge.

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint (Doc. No. 10) be dismissed without prejudice to him bringing his due process claims in a habeas petition.

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 4, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
broo0682.56

5